**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
NOV - 5 2018
Clerk, U.S. District and
Bankruptcy Courts

DAVID ROWLAND YOUNG, )
)
    Plaintiff, )
)
v. ) Civil Action No. 1:18-cv-02045 (UNA)
)
JACOB LEVITAN, CLERK, )
)
    Defendant. )

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's complaint ("Compl.") and application for leave to proceed *in forma pauperis*. Plaintiff, a state inmate designated to Ironwood State Prison in Blythe, California, proceeds *pro se*. Compl. at caption. The Court will grant the *in forma pauperis* application and dismiss the case pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(iii) and 1915A(b)(2), which both mandate dismissal of a complaint filed against immune defendants.

Plaintiff sues a single defendant,[1] Jacob Levitan, "Clerk of the United States Supreme Court." Compl. at caption. He brings claims of negligence, as well as "deliberate perjury, fiduciary failure, and intentional distortion of the truth." *Id.* at 1–2, 6–10.[2] He seems primarily aggrieved that his writ of certiorari was dismissed by the Supreme Court as untimely. *See id.*

Judicial immunity extends not only to judges, but to court staff as well. "Clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the

---

[1] It appears as if plaintiff combined portions of prior versions of various complaints into the current operative pleading. Plaintiff submits differing versions of his case caption and introduction of claims within the complaint itself. *See, e.g.*, Compl. at 1–2, 3–4. In the second iteration, in addition to Jacob Levitan, plaintiff also lists the United States Solicitor General, the Attorney General of California, and Noel John Francisco, as defendants. *Id.* at 3. However, they are not included on the first and primary iteration of the case caption, and introduction. *Id.* at 1–2. Additionally, no information whatsoever is included regarding any of the three additional individuals, therefore, it appears that plaintiff did not intend for them to be named as parties in this matter. Assuming *arguendo* that plaintiff intended such, the claims against them are dismissed for failure to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).
[2] The Court relies on the ECF generated page numbers for its complaint citations.

judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.' ") (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959)); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62 (D.D.C. 2008) (absolute judicial immunity extends to clerks of the court) (citations omitted). If immunity were not extended to clerks performing judicially related tasks, "courts would face the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly would vent their wrath on clerks, court reporters, and other judicial adjuncts." *Sindram*, 986 F.2d at 1461 (citations omitted).

A clerk entering an order of dismissal constitutes an "integral part of the judicial process," warranting absolute immunity from suit. *Id.* at 1461 (finding that a clerk "instituting an erroneous order against [a] [p]laintiff barring his access to the court" was performing an "integral part[ ] of the judicial process"); *Sibley v. U.S. Supreme Court*, 786 F. Supp. 2d 338, 344 (D.D.C. 2011) ("The clerk or deputy clerk's receipt and processing of a litigant's filing are part and parcel of the process of adjudicating cases."); *Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (holding that a "deputy clerk's alleged refusal to file documents [the] plaintiff submitted" was an action "quintessentially 'judicial' in nature because [it was] an integral part of the judicial process."). Therefore, defendant is entitled to absolute immunity.

As such, the complaint is dismissed. Plaintiff has also filed a "motion for unusual out of court settlement" and a "motion and petition to file an action against the U.S. Supreme Court."

Those motions are dismissed as moot. An order consistent with this memorandum opinion is issued separately.

/s/ Ketanji Brown Jackson
United States District Judge

Date: October 16, 2018